United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER R. WHITE,<br><br>    Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPT OF CORRECTIONS, Warden,<br><br>    Respondent. | No. C 09-01010 SBA (PR)<br><br>**ORDER DENYING MOTION TO DISMISS; STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO CLOSE THIS CASE ADMINISTRATIVELY UNTIL THE COURT ISSUES ORDER LIFTING STAY** |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated October 26, 2009, the Court ordered Respondent to show cause why the petition should not be granted.

Before the Court are (1) Respondent's motion to dismiss the petition for failure to exhaust state court remedies and (2) Petitioner's motion to stay his federal petition while he exhausts his remedies in state court.[1]

## DISCUSSION

Petitioner has filed a mixed petition containing exhausted and unexhausted claims. He concedes that he has failed to exhaust some of his claims. Therefore, Respondent argues that the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982).

In his motion for a stay, Petitioner requests that he be permitted to return to state court to exhaust the unexhausted claims.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the

---

[1] Petitioner's motion to stay was filed as part of his opposition to the motion to dismiss. (Opp'n at 2.)

petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioners may seek a stay of the petition pursuant to Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813-14 (2005), under which a prisoner may file a protective petition in federal court and ask the court to stay federal habeas proceedings until all state remedies are exhausted.  District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority.  Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005).  A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious.  Id.; see also Pace, 125 S. Ct. at 1813-14.

Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct appeal because his claims could be raised by way of state habeas corpus.  Moreover, the claims state cognizable bases for federal habeas relief.  This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes.  See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Accordingly, the Court GRANTS Petitioner's request for a stay.

## CONCLUSION

1. Respondent's motion to dismiss the petition for failure to exhaust state court remedies (docket no. 5) is DENIED without prejudice to refiling if Petitioner fails diligently to pursue exhaustion in state court of his unexhausted claims.

2. Petitioner's request for a stay is GRANTED.  These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted.  He must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of

2

1 this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are
2 terminated.  He must also attach to his status reports copies of the cover page of any document that
3 he files with or receives from the California Supreme Court relating to the claims.

4     3.    The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the
5 stay of this action.  Nothing further will take place in this action until Petitioner receives a final
6 decision from the California Supreme Court and, within **thirty (30) days** of doing so, moves to
7 reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted
8 claims.

9     4.    This Order terminates Docket nos. 5.

10 IT IS SO ORDERED.

11 DATED: 9/22/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.09\White1010.denyMTD(exh)&grantSTAY.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROGER R. WHITE,

        Plaintiff,

  v.

CALIFORNIA DEPT OF CORRECTIONS et al,

        Defendant.

Case Number: CV09-01010 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roger Russ White F10328
5501 Lapalama Road
Eloy, AZ 85131

Dated: September 22, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\White1010.denyMTD(exh)&grantSTAY.wpd