UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROGER R. WHITE,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>CALIFORNIA DEPT. OF CORRECTIONS,<br><br>　　　　Respondent. | Case No: C 09-1010 SBA (PR)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

　　On September 22, 2010, Court denied Respondent's motion to dismiss, and granted Petitioner's request to stay the action so that he could return to state court to exhaust his unexhausted claims. Dkt. 12 at 2. The Order stated, inter alia, that: "Respondent's motion to dismiss the petition for failure to exhaust state court remedies (docket no. 5) is DENIED without prejudice to refiling if Petitioner fails diligently to pursue exhaustion in state court of his unexhausted claims." Id.

　　The Court administratively closed the action during the pendency of the stay. Id. at 3. In addition, the Court directed that: "[Petitioner] must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to the claims." Id. at 2-3 (emphasis in original). In violation of that Order, Petitioner has only filed one status report on November 15, 2010, and he has failed to file any other status reports. See Dkt. 13.

In his November 15, 2010 status report, Petitioner indicated that he received the Court's September 22, 2010 Order on September 27, 2010. Id. at 1. He stated that he "filed [his] state appeal to exhaust state remedies" on October 18, 2010. Id. He claimed that on November 3, 2010 he received an "acknowledgment of receipt of [his] petition for writ of habeas corpus . . . case number 10-73353." Id. However, despite being ordered to do so, Petitioner failed to attach copies of either the cover page of the state habeas petition he allegedly filed with the state court or the document confirming that court's receipt of the petition. Moreover, the Court has reviewed the California Court's website, but has been unable to locate any information regarding whether the state supreme court resolved any state habeas matters filed by Petitioner in 2010, or whether Petitioner made any further efforts to exhaust his unexhausted claims.

Also in his November 15, 2010 status report, Petitioner stated that he was "seeking an extension of time do [sic] to [his] unfamiliarity with legal matters and the limited access to law library," but he did not specify why he needed such an extension, i.e., whether he was seeking an extension of time to either exhaust his claims in state court or file status reports with this Court. Id. In any event, any request for an extension of time to file status reports in this Court is moot, especially given that Petitioner has failed to file any more status reports in the six and a half years that have passed.

District courts may dismiss an action based on the failure of a habeas petitioner to comply with a court order or for lack of prosecution. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas petition because of petitioner's disobedience with orders setting filing deadlines); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (affirming dismissal of prisoner's civil rights complaint for failure to file opposition to motion to dismiss as required by local rule). In determining whether to dismiss a claim for disobedience with a court order or the failure to prosecute pursuant to Rule 41(b), the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Pagtalunan, 291 F.3d at 642; Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  Accordingly,

IT IS HEREBY ORDERED THAT within **twenty-eight (28) days** of the date this Order is filed, each party shall file a written response explaining why the case should or should not be dismissed.  The response shall set forth the nature of the cause, its present status, the reason why a final determination of the action has not been sought or the action otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed.  FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.

IT IS SO ORDERED.

Dated:  5/3/17

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\HC.09\White1010.OSC(re-dismissal).docx